IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THOMAS DALE LATIN, V, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1913-K-BK |
| § | |
| STATE OF TEXAS, § | |
| DEFENDANT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.  BACKGROUND

On August 17, 2021, Thomas Dale Latin, a Texas resident, filed a *pro se* complaint against the State of Texas. Doc. 3 at 1. The complaint is difficult to decipher and largely nonsensical. Latin alleges *in toto*:

> In 2008, I T.D.L. was at Walmart Supercenter at Hwy 30 & St. Francis. I was receiving a Western Union Wire Transfer, I just had received one Western union wire transfer. I call Vito Joseph Latin at 585-244-4974 (3B Weney Pl, Rochester, NY 14620). For a 2nd Western Union Wire Transfer. There was a person (Fela B) whom I met at Salvation Army (5302 Harry Hines Blvd. Dallas, Tx); Fela B had helped himself to an American Star Spangled Banner Flag; then walked out this Walmart Supercenter Door. I went to the parking lot w/ Fela B. A Walmart Supercenter store card was Fela B's [;am/ Fela B tried 3xs; & was denied. I Thomas Dale Latin (Plz ask Astail in court). Went arrested for aggravated robbery. Judge Francis @ Gov. Center appt. a lawyer; the lawyer said "this is shoplifting you going home." I.T.D.C. lost over 3 yrs of my life from Lew's Sterrett – J1 (Ft. Bend Cty.) State Jail & North Tower Dallas. While in these places (Including

> Sulpher Springs Hopkins Cty. Jail). These Departments got a hold of my lifes recording. For the last 11 year all 59 women cut had Inham sexual (put) relation w/ and x fiance's have been played non-stop. I.T.D.C. St. Mngr xxx Adult (Dismiss that $7,500 every 90 min/2021 $1 billion $85 + million. The Corporal kept my Western Union fcart There much more.

Doc. 3 at 1 (errors in the original).

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II.    ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Latin's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most

liberal construction, however, Latin has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction; thus, Latin fails to identify any constitutional or federal statutory violation. Further, Latin's assertion that Defendant resides in Texas, defeats subject-matter jurisdiction on the basis of diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (holding district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Latin in his complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## IV.   CONCLUSION

For the foregoing reasons, Latin's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on September 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).